## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DERRICK RAY, | |
|     Plaintiff, | |
| | Case No. 3:19-cv-00116-B |
| v. | |
| | Honorable Judge Jane J. Boyle |
| HUNTER WARFIELD, INC., | |
|     Defendant. | |

## STATUS REPORT

Pursuant to L.R. 16(b), Fed. R. Civ. P. 26(f) and the Court's Status Report Order [Doc. # 13], DERRICK RAY and HUNTER WARFIELD, INC. jointly submit this Status Report.

1.    A brief statement of the nature of the case, including the contentions of the parties;

**Plaintiff: This action seeks damages for Defendant's alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq.* Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692d and d(5) by calling Plaintiff on dozens of occasions despite Plaintiff's demand(s) that they stop. Moreover, Plaintiff alleges that Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii). Finally, Plaintiff alleges that Defendant violated Tex. Fin. Code Ann. § 392.302(4) by calling Plaintiff on dozens of occasions despite Plaintiff's demand(s) that they stop.**

**Defendant:** Defendant denies any wrongdoing or any violation of law. Defendant further denies that Plaintiff has suffered any damage caused by Defendant's conduct.

2.    Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed;

**None.**

3.      Any pending motions;

    **None.**

4.      Any matters which require a conference with the court;

    **None.**

5.      Likelihood that other parties will be joined or the pleadings amended;

    **Unlikely.**

6.      (a) An estimate of the time needed for discovery, with reasons

    **Six months to complete fact discovery.**

7.      (b) a specification of the subjects on which discovery may be needed, and

    **(1)      Communications between the parties;**
    **(2)      Defendant's policies and procedures;**
    **(3)      Dialing system used by Defendant;**
    **(4)      Plaintiff's alleged damages; as well as**
    **(5)      Plaintiff's knowledge of the allegations**

(c) whether discovery should be conducted in phases or be limited to or focused upon particular issues;

    **Phased or limited discovery unnecessary.**

8.      Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIP, PDF, or native; with or without metadata; searchable or not) in which it should be produced;

    **None.**

9.      Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether they will be asking the Court to include their agreement in an order;

    **None.**

10. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;

   **None.**

11. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c);

   **None.**

12. Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings;

   **May 30, 2019.**

   (b) file motions, including summary judgment and other dispositive motions;

   **October 1, 2019.**

   (c) complete discovery; and

   **August 30, 2019.**

   (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2);

   **Plaintiff shall designate experts on or before June 28, 2019.**

   **Defendant shall designate experts on or before July 19, 2019.**

   **Defendant shall designate rebuttal experts on or before August 9, 2019.**

13. Requested trial date, estimated length of trial, and whether jury has been demanded;

   **December 16, 2019.  2-3 days.  Jury trial demanded.**

14. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c);

   **The parties will not consent to trial before a United States Magistrate Judge.**

15. Progress made toward settlement, and the present status of settlement negotiations;

   **None at this time.**

16.  What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective; and

**Court-supervised settlement conference at or near deadline to complete fact discovery.**

17.  Any other matters relevant to the status and disposition of this case.

**None.**

Dated: February 22, 2019                              Respectfully submitted,

*/s/ Joseph S. Davidson*                              */s/ A. Lee Rigby*

Joseph S. Davidson                                   A Lee Rigby
Mohammed O. Badwan                                   David C. Lawrence
SULAIMAN LAW GROUP, LTD.                             RIGBY SLACK LAWRENCE &
2500 South Highland Avenue                           COMERFORD PLLC
Suite 200                                            6836 Austin Center Boulevard
Lombard, Illinois 60148                              Suite 100
+1 630-575-8181                                      Austin, Texas 78731
jdavidson@sulaimanlaw.com                            +1 512-782-2061
mbadwan@sulaimanlaw.com                              +1 512-782-2063
                                                     lrigby@rigbyslack.com
Jason M. Katz                                        dlawrence@rigbyslack.com
HIERSCHE HAYWARD DRAKELEY &
URBACH P.C                                           Lindsey Lautin Reinhardt
15353 Dallas Parkway                                 BLACKWELL BLACKBURN & SINGER
Suite 700                                            LLP
Addison, Texas 75001                                 7557 Rambler Road
+1 972-701-7086                                      Suite 1450
jkatz@hhdulaw.com                                    Dallas, Texas 75231
                                                     +1 214-442-9602
*Counsel for Derrick Ray*                            lreinhardt@bbsllp.com

                                                     *Counsel for Hunter Warfield Inc.*